UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AHARON STERN on behalf of himself and all other similarly situated consumers

Plaintiff,

-against-

ZWICKER & ASSOCIATES, P.C.

Defendant.

**CLASS ACTION COMPLAINT**

**Introduction**

1. Plaintiff, Aharon Stern, brings this action against Zwicker & Associates, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

**Parties**

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Andover, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Aharon Stern**

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 5, 2016, Defendant sent the Plaintiff a collection letter.

11. The said May 5, 2016 letter was an effort to collect on a consumer debt.

12. The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

13. The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."

14. The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance may increase due to interest and fees".

15. However, if the "Balance" will never increase and the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter will increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

16. The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

17. However, the Second Circuit did address all the possible scenarios: 1) If the "current balance" could increase over time, then the collection notice must disclose that the "balance might increase due to interest and fees". *Id*. 2) If the "current balance" is currently increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter will increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt only if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due could increase by the accrual of additional interest or fees if payment is not received by that date.

18. In this case, the "Balance" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

19. The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or not the said account was accruing interest.

20. The "Balance" in this case was for an amount that included original principal, fees, and contractual interest.

21. The Plaintiff was left uncertain as to whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

22. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

23. Prior to Defendant Zwicker & Associates, P.C.'s collection of the said American Express account, the account was previously being collected by United Recovery Systems LP, who had also sent a letter to the Plaintiff on or about February 23, 2016.

24. The balance stated in the said February 23rd letter from United Recovery Systems was $81,880.86, and in addition to that balance, interest was accruing daily as evident from the Defendant's May 5th letter, which reflected an increase in the balance to an amount of $86,850.52.

25. A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the May 5th letter.

26. In fact, however, since as shown by the difference in the amount between the February 23rd letter and the new increased amount in the May 5th letter, which reflected that

interest was accruing daily, a consumer who pays the balance due as stated in the letter, would be left unaware as to whether or not the debt has been paid in full.

27. The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

28. Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2] However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

29. The said collection letters at issue were increasing daily due to interest, but the May 5th letter specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the May 5th letter failed to disclose that the balance was actually not increasing due to the interest being waived.

30. In any event, Defendant's said May 5th letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

> Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

---

[1] See *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

[2] *id*.

[3] *Avila*, at *10-11.

31. Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

32. At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

33. A debt collector must disclose, that the balance due may change over time.

34. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

35. If the "Balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

36. Defendant was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

37. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

38. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the

Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

39. Because the statement of the "Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter will increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt. Id. at 817.

40. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

41. According to the Second Circuit's finding that the "Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party,

[4] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

which itself could seek the interest and fees from the consumer."[5]

42. The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

43. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumer could not know what the real balance is.

44. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

45. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

46. According to the Second Circuit in *Avila*, any debt that was accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

---

[5] *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

[6] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)

[7] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

47. The "Balance" is for an amount that includes original principal, fees, and contractual interest.

48. Since interest was accruing on this debt, the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

49. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

50. "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law. Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon*, No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012); *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

51. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

52. The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Balance" the Defendant and or the creditor ***could*** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer. (Avila, at *10-11.)

53. The said May 5, 2016 letter was deceptive and misleading as it merely identified the "Balance," yet failed to disclose that the balance may increase due to interest and fees.

54. The Plaintiff was left uncertain as to whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

55. A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

56. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.

57. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

58. The statement of a "Balance" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

59. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

60. Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

61. The Plaintiff and the least sophisticated consumer would be led to believe that the

"Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

62. A consumer who pays the "Balance" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

63. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

64. As a further indication that the "Balance" as stated in the May 5, 2016 letter was not static, the Defendant subsequently sent the Plaintiff a summons and complaint which had been filed against him in Civil Court, which demanded "the sum of $86,850.52, the costs and disbursements of this action."

65. Since there are undisclosed costs, disbursements and fees, a consumer who pays the "Balance" stated on the said letter will not know whether the debt has been paid in full.

66. The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

67. The statement of a "Balance," without notice that the amount could increase over time, or already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

68. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but

mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

69. Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

70. Although the said May 5, 2016 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the debt could accrue additional charges over time.

71. Upon receiving the said May 5, 2016 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

72. A debtor who pays the "Balance" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

73. The May 5, 2016 letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money he or she allegedly owed to the Defendant, how much money would accrue daily on the consumer's alleged debt, how much additional money he or she would owe if the consumer paid the amount demanded in the said letter, and if or when the Defendant's collection efforts would actually discontinue if the consumer remitted "Balance" that the Defendant demanded.

74. The said letter fails to include any of the safe harbor language set out by the Second Circuit.

75. The Plaintiff was left unsure whether the “Balance” would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

76. If the “Balance,” will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will always accept payment of the amount set forth in “full satisfaction” of the debt.

77. Defendant was required to include a disclosure that the debt may increase over time, or in the alternative, the Defendant was required to disclose that the creditor will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those “safe harbor” disclosures in violation of 1692e.

78. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking undisclosed charges on this debt over time.

79. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

80. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

81. Defendant's May 5, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and

      1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

82. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

83. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

84. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

85. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

86. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

87. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

88. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

89. These deceptive communications additionally violated the FDCPA since they frustrate the consumer’s ability to intelligently choose his or her response.

90. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

**CLASS ALLEGATIONS**

91. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

92. The identities of all class members are readily ascertainable from the records of Zwicker & Associates, P.C. and those business and governmental entities on whose behalf it attempts to collect debts.

93. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Zwicker & Associates, P.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

94. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

95. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

96. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

97. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling

      consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

  (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

98. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

99. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

100. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

101. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**AS AND FOR A FIRST CAUSE OF ACTION**

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

102. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through one hundred and one (101) herein with the same force and effect is if the same were set forth at length herein.

103. This cause of action is brought on behalf of Plaintiff and the members of a class.

104. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, and a subsequent summons and complaint, in substantially the same form as the ones sent to Plaintiff; and (a) the notices were sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) & 1692e(10), for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

**Violations of the Fair Debt Collection Practices Act**

105. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

106. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

  (a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

  (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

  (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       April 5, 2017

                                                                                                    /s/ Maxim Maximov
                                                                                                  Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                                                                                   /s/ Maxim Maximov
                                                                                                  Maxim Maximov, Esq.